State *v.* Barnes.

enezer Westcott, esquires, to remove into this court, an order of filiation and maintenance. It appeared from the return of the justices to a rule of this court, that the order was drawn up by Edmund Sheppard, at his own house, in the presence of one of the overseers of the poor, but not in the presence of Ebenezer Westcott, and that the justices were not together when the order was signed.

*H. W. Green* moved to quash the order, because the justices were not together when it was signed. He insisted that the power given to the justices by the act for the maintenance of bastard children, is judicial and must be exercised jointly, and cited *Rev. Laws*, 171, *sec.* 1. The justices must unite in deliberation, and unite in action. This has been long settled in the English courts, and repeatedly recognized in this court. 2 *Black. Rep.* 1017; *Cox.* 147; 5 *Halst.* 161.

BY THE COURT. The law is well settled, as stated. Let the order be quashed.

---

### THE STATE v. JOHN BARNES.

The return of a road will be set aside, if it appear that the surveyors of the highways have not taken and subscribed the oath of office in the manner prescribed by law.

This was a certiorari directed to the Court of Common Pleas of the county of Warren, removing into this court the proceedings and return of surveyors of the highways, in a matter of road. On the return of the writ of certiorari, the defendant, John Barnes, obtained a rule to take affidavits, from which it appeared, that John C. Labaw and Andrew Van Campen, esquires, were elected surveyors of the highways, for the township of Pahaquarry, for the year 1830; that they took the oath of office; John C. Labaw before Andrew Van Campen, esquire,

State *v.* Barnes.

one of the justices of the peace of the county of Warren, and Andrew Van Campen, esquire, before William Hill, the assessor of said township, there being no other justice, beside said Van Campen in said township  The oath was not subscribed by them, nor was it filed with the town clerk, but their names were entered in the town book, as surveyors of the highways, and opposite their names was written the word, " sworn."

*W. C. Morris* and *Saxton* moved to set aside the proceedings and quash the return of the surveyors, because they had not taken and subscribed the oath of office, prescribed by law, nor filed the same with the clerk of the township, and cited 1 *South.* 398, and *The State* v. *Davis* and others, page 10 of this volume.

By THE COURT.  The return and proceedings of the surveyors must be set aside.  It is manifest, that the persons elected surveyors of the highways, never took and subscribed the oath of office, prescribed by law, and without this they were not authorized to act.